UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

U.S DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED  MAR 29 2022
CLERK

SHAWN COOPER

VERSUS                                                    CIVIL ACTION

TREVOR WILSON, ET AL.                                     NO. 19-528-JWD-EWD

## PLAINTIFF'S MOTION FOR SANCTION

NOW INTO COURT comes Plaintiff, Shawn Cooper, who requests a motion for sanction against Jessica Vasquez, former counsel for Plaintiff in the referenced case, for the following reasons.

1. **Attorney Vasquez made a false statement relating to the second settlement conference scheduled by the Middle District Court. She misled Mr. Cooper by stating that Judge deGravelles made a requirement for a second settlement conference.**

At the time that Attorney Vasquez represented Mr. Cooper, she informed Mr. Cooper via email that Judge deGravelles required him (Cooper) to have a second settlement conference (EXHIBIT 1). According to court records and documentation (EXHIBIT 2), this was not true; there was no requirement by Judge deGravelles for a second settlement conference.

Attorney Vasquez agreed with the Defendants that the parties in the case were in settlement negotiations by not objecting to a Consent Motion to Continue Trial. The parties in the case were not in settlement negotiations. In her August 21, 2021 email to Mr. Cooper, Attorney

1

Vasquez stated, "…We just stopped all negotiations…" (EXHIBIT 3). Attorney Vasquez did not communicate with Mr. Cooper on any such matter, nor did Mr. Cooper give authorization to schedule a second settlement conference. Ms. Vasquez did not get the consent of Mr. Cooper to schedule a second settlement conference, deceiving the Court that all participating parties were in agreement to have a settlement conference. Mr. Cooper, in fact, had previously told Attorney Vasquez that he did not want to participate in another settlement conference with Attorney Vasquez after his experience with the first one where Attorney Vasquez did not inform him of her submittals to the Court prior to the conference and did not represent his best interests. (EXHIBIT 4). Attorney Vasquez misled Mr. Cooper and the Court by stating that Judge deGravelles required Plaintiff to have a second settlement conference, wasting the Court's time and resources by scheduling the second settlement conference (EXHIBITS 5a, 5b, 5c).

Attorney Vasquez did not reasonably consult with Plaintiff about the means by which the client's objectives were to be accomplished. Attorney Vasquez did not keep Plaintiff reasonably informed about the status of the matter. Attorney Vasquez did not give Plaintiff sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they were to be pursued. This was a violation of the Louisiana Attorney Disciplinary Board's Rules of Professional Conduct 1.4(a), and 1.4 (b), which state:

Rule 1.4. Communication

(a) A lawyer shall:

2

    (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;
    (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
    (3) keep the client reasonably informed about the status of the matter;
    (4) promptly comply with reasonable requests for information; and
    (5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b) The lawyer shall give the client sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued.

\*
\*
\*

This was also a violation of the Louisiana Attorney Disciplinary Board's Rules of Professional Conduct 8.4(c) and 8.4(e), which state:

Rule 8.4. Misconduct

It is professional misconduct for a lawyer to:

\*
\*
\*

(c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

\*
\*
\*

(e) State or imply an ability to influence improperly a judge, judicial officer, governmental agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law;

\*
\*
\*

3

2. **Attorney Vasquez did not inform Mr. Cooper that there was a status conference held on September 15, 2021, that a Consent Motion to Continue the Trial was filed by the Defendants, that all counsel agreed to attempt another settlement conference and that Judge deGravelles granted the Motion and signed an Order on September 16, 2021.**

Attorney Vasquez emailed Mr. Cooper on September 17, 2021 advising that the 3-day jury trial had been reset. (EXHIBIT 6). She emailed Mr. Cooper again on September 21, 2021 and stated, "I was informed by the clerk for this matter that Judge deGravelles is requiring us to set a settlement conference with the Magistrate to discuss settlement once again in an attempt to resolve the matter prior to the new trial date." (EXHIBIT 1).

Mr. Cooper later learned, through his own request for documents from the Court dated March 10, 2022 (EXHIBITS 7a, 7b), that a status conference was held on September 15, 2021, that a Consent Motion to Continue the Trial was filed by the Defendants, that all counsel agreed to attempt another settlement conference and that Judge deGravelles granted the Motion and signed an Order on September 16, 2021.

Attorney Vasquez did not keep Plaintiff reasonably informed about the status of the matter. Attorney Vasquez did not give Plaintiff sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they were to be pursued.

This was also a violation of the Louisiana Attorney Disciplinary Board's Rules of Professional Conduct 1.4(a) and 1.4 (b).

3. **Attorney Vasquez revealed confidential information to the Defense.**

After Attorney Vasquez withdrew from representation of Mr. Cooper in December 2021, Mr. Cooper reached out to Ross Molina, attorney for the Defendants, and offered to start negotiations. At that time, Mr. Molina told Mr. Cooper that he knew what his bottom line was (referring to the lowest amount that Mr. Cooper would accept). Molina would only know Mr. Cooper's bottom line if Attorney Vasquez had told him. Suspiciously, when Mr. Cooper requested to start negotiating with the Defendants, they refused. However, they worked with Attorney Vasquez to schedule a settlement conference a month prior.

This was a violation of the Louisiana Attorney Disciplinary Board's Rules of Professional Conduct 1.6(a) which states, in part:

> Rule 1.6. Confidentiality of Information
>
> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

Therefore, in accordance with Louisiana Attorney Disciplinary Board's Rules of Professional Conduct 1.4(a), 1.4(b), 1.6(a), 8.4(c), and 8.4(e), Plaintiff requests that the Court

institute sanctions or any actions against Attorney Vasquez that the Court deems appropriate to address these actions of gross misconduct.

                                                Respectfully submitted,

                                                */s/ Shawn Cooper*
                                                **SHAWN COOPER**
                                                2448 Morningbrook Drive
                                                Baton Rouge, LA 70816
                                                Telephone: (504) 495-7391
                                                Email: coopa1971@att.net
                                                *Shawn Cooper, Representing Himself*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2022 the foregoing Motion will be sent to all known counsel of record via Email as follows:

Ross.Molina@wilsonelser.com
Ross M. Molina
Wilson Elser Moskowitz Edelman & Dicker LLP
650 Poydras Street, Suite 2200
New Orleans, LA 70130

Donald.Cassels@wilsonelser.com
Donald G. Cassels, III
Wilson Elser Moskowitz Edelman & Dicker LLP
650 Poydras Street, Suite 2200
New Orleans, LA 70130

**SHAWN COOPER**
2448 Morningbrook Drive
Baton Rouge, LA 70816
Telephone: (504) 495-7391
Email: coopa1971@att.net
*Shawn Cooper, Representing Himself*