**Shawn Cooper**

EXHIBIT 1

| | |
|---|---|
| **From:** | Shawn Cooper <coopa1971@att.net> |
| **Sent:** | Tuesday, September 21, 2021 6:18 PM |
| **To:** | 'Jessica Vasquez' |
| **Subject:** | RE: Cooper v. Wilson |

I have no problem using Judge Wilder Doomes. She is familiar with what happened at the last mediation. There is no need to get someone not familiar with the circumstances around this case.

Cooper
**From:** Jessica Vasquez [mailto:jvasquez@vasquezlawoffice.com]
**Sent:** Tuesday, September 21, 2021 9:19 AM
**To:** Shawn Cooper <coopa1971@att.net>
**Subject:** Cooper v. Wilson

I was informed by the clerk for this matter that Judge Gravelles is requiring us to set a settlement conference with the Magistrate to discuss settlement once again in an attempt to resolve the matter prior to the new trial date.

This will be with the same Magistrate. I could potentially ask for a new Magistrate to resolve the matter.  Let me know if this is something you would be interested in attempting to do or if you prefer to stay with the same Magistrate.

--
Jessica M. Vásquez
VASQUEZ LAW OFFICE
400 Poydras Street
Ste. 900
New Orleans, LA 70130
t: 504/ 571.9582
f: 504/ 684.1449
jvasquez@vasquezlawoffice.com

EXHIBIT 2

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**SHAWN COOPER**                                         **CIVIL ACTION**

**VERSUS**

**TREVOR WILSON, ET AL.**                         **NO. 19-528-JWD-EWD**

---

This matter came on this day, September 15, 2021, for a status conference by zoom before District Judge John W. deGravelles.  Present were Jessica M. Vasquez for Plaintiff and Ross Michael Molina for Defendants.

The Defendants have filed a Consent Motion to Continue Trial, stating that the parties are actively engaged in settlement discussions and require additional time to complete the required discovery. Counsel for Plaintiff informed the Court that she and her client have been affected by Hurricane Ida and are still feeling some effects of the hurricane.

All counsel agreed to attempt another settlement conference with Magistrate Judge Wilder-Doomes.  The Court orders the parties to find some mutually available dates prior to contacting Magistrate Judge Wilder-Doomes' Chambers for another settlement conference date.

**IT IS ORDERED** that the Consent Motion to Continue Trial, (Doc. 26) is GRANTED.  The 3-day jury trial is reset to begin at 9:00 a.m. on June 13, 2022 in Courtroom 1.

**IT IS FURTHER ORDRED** that the pretrial conference set for October 7, 2021 is continued and reset for 1:00 p.m. on May 10, 2022 by zoom.  The pretrial order shall be filed 30 days prior to the pretrial conference.

**IT IS FURTHER ORDERED** that all deadlines associated with the December 2, 2021 trial date are suspended. Within 14 days of today, counsel shall submit a motion to amend the scheduling order that includes new proposed discovery deadlines in accordance with the June 13, 2022 trial date.

Signed in Baton Rouge, Louisiana, on September 16, 2021.

Cv 36 T: 0:15

Jury

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**EXHIBIT 3**

## Shawn Cooper

**From:** Shawn Cooper <coopa1971@att.net>
**Sent:** Saturday, August 21, 2021 8:49 AM
**To:** 'Jessica Vasquez'
**Subject:** RE: Cooper

I reviewed the schedule you sent and the past information you sent on these matters and they are not consistent with what is being communicated now. I am referring to expert witness deposits and things of that nature. I saw when the money is due for the orthopedic doctor and the chiropractor. You sent it to me in an email.
Why would I make counteroffers against myself? My claim is fair and legitimate and has supporting documentation. Again they have no documentation supporting the amount of money they are presenting. You have not addressed that. The information I sent you in the last email has not been addressed. I don't have to make a counteroffer on an undocumented amount offer. The offer again was unrealistic. I have proof of damages, They have not produced anything disputing that. If I need to wait until the pandemic is over to hold them accountable then that is what I will do.

As far as negotiations being stopped. They never started when they offer $25,000 on a properly documented claim with supporting evidence. I recall everything that occurred in that mediation, so that speaks for itself.
**From:** Jessica Vasquez [mailto:jvasquez@vasquezlawoffice.com]
**Sent:** Saturday, August 21, 2021 8:00 AM
**To:** Shawn Cooper <coopa1971@att.net>
**Subject:** Re: Cooper

We will begin "trial preparations" in September

The trial schedule could go two ways. The judge could require us to complete trial prep, spend money on expert deposits  to hold trial dates and then continue the trial due to Delta at the eve of trial (the Eastern District has just announced no jury trials) or we will be hearing shortly about a continuance.  Be prepared for both.

If we are required to complete trial prep with no immediate continuance of the trial date, will need to put down deposits to secure (a relatively unsecure) trial date for our medical expert witnesses.  I've contacted them in the past so we will need to follow up.

I don't know if Covid will be resolved by your trial date but some courts are forcing cases to complete trial prep even though we all know a jury can't be seated and then waiting until the very end to delay the trial date. It's unfortunate because it's a lot of money for deposits and experts.

I know you feel strongly that you have not been respected but we've never made a counter to them.  We just stopped all negotiations.

I ask that you consider the current climate we are in. Unless you consent to a bench trial (no jury) it is unknown when it will be tried. Until the COVID-19 situation changes drastically I don't think you will keep that date. I honestly have no idea when you will actually get a jury trial. It may not be until this pandemic is over.

Think about it and get back to me. We probably need schedule a call to  discuss expert witnesses anyway.

On Fri, Aug 20, 2021, 5:23 PM Shawn Cooper <coopa1971@att.net> wrote:

1

Jessica, they haven't paid attention to my claim from the beginning nor will they in the future No one has respect for me or my claim. Nothing justifies the amount they presented. I have no counteroffer on this matter when unrealistic numbers are not being presented. I presented real numbers and costs, so I did my part.

Cooper

**From:** Jessica Vasquez [mailto:jvasquez@vasquezlawoffice.com]
**Sent:** Friday, August 20, 2021 12:08 PM
**To:** Shawn Cooper <coopa1971@att.net>
**Subject:** Re: Cooper

Just circling back on this. Let me know what you want to do.

On Wed, Aug 11, 2021 at 4:53 PM Shawn Cooper <coopa1971@att.net> wrote:

I will review the e-mails and documentation of the claim and get back with you. It may take me a couple of days . I have to go to a funeral . Thanks

Sent via the Samsung Galaxy A12, an AT&T smartphone

Get Outlook for Android

---

**From:** Jessica Vasquez <jvasquez@vasquezlawoffice.com>
**Sent:** Wednesday, August 11, 2021 4:33:16 PM
**To:** Shawn Cooper <coopa1971@att.net>
**Subject:** Re: Cooper

Do you want to consider counter offering? They cannot come up on an offer if we remain silent. We have yet to counter offer to them but for our initial offer. I would recommend if you even want to try to get them to pay close to you what you think you are due you need to extend an offer.

On Wed, Jul 28, 2021 at 4:20 PM Shawn Cooper <coopa1971@att.net> wrote:

I reject that offer. We don't have to discuss it I have presented evidence to support my damages and it has been ignored. I will present my information to the jury with evidence supporting my claim for damages. The insurer has delayed, stalled, and undermined the process. The court needs to know.

Thanks

Cooper

**From:** Jessica Vasquez [mailto:jvasquez@vasquezlawoffice.com]
**Sent:** Wednesday, July 28, 2021 2:38 PM
**To:** Shawn Cooper <coopa1971@att.net>
**Subject:** Fwd: Cooper

FYI. I just received this which they are filing into the record. I am in Court tomorrow all day but available Friday to discuss should you want to. As I previously explained with the first offer, an offer of judgment is legally significant and creates exposure for costs etc should it be less than the offer or if the trial is not in your favor.

---------- Forwarded message ---------
**From:** **Molina, Ross M.** <Ross.Molina@wilsonelser.com>
Date: Wed, Jul 28, 2021 at 2:34 PM
Subject: RE: Cooper
To: Jessica Vasquez <jvasquez@vasquezlawoffice.com>

Hi Jessica,

I'm attaching an Offer of Judgment in this case. Our last offer was $120,000. This new offer is $175,000 and represents our walk-away number. It was extremely difficult for me to get my client to make this jump However, I figured this would be better than inching up in small increments. We are cutting to the chase.

Please pass this along to your client and let me know his response.

Thanks,

3

EXHIBIT 3 – page 4

**Ross M. Molina**
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
650 Poydras Street, Suite 2200
New Orleans, LA 70130
504.702.1726 (Direct)
504.702.1710 (Main)

504.235.2681 (Cell)
504.702.1715 (Fax)
ross.molina@wilsonelser.com

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.

Thank you.

--

Jessica M. Vásquez

VASQUEZ LAW OFFICE

400 Poydras Street

Ste. 900

New Orleans, LA 70130

t: 504/ 571.9582

f: 504/ 684.1449

jvasquez@vasquezlawoffice.com

EXHIBIT 3 – page 5

--

Jessica M. Vásquez

VASQUEZ LAW OFFICE

400 Poydras Street

Ste. 900

New Orleans, LA 70130

t: 504/ 571.9582

f: 504/ 684.1449

jvasquez@vasquezlawoffice.com


--

Jessica M. Vásquez

VASQUEZ LAW OFFICE

400 Poydras Street

Ste. 900

New Orleans, LA 70130

t: 504/ 571.9582

f: 504/ 6841449

jvasquez@vasquezlawoffice.com

**EXHIBIT 4**

## Shawn Cooper

| | |
|---|---|
| **From:** | Shawn Cooper <coopa1971@att.net> |
| **Sent:** | Wednesday, February 03, 2021 11:31 PM |
| **To:** | 'Jessica Vasquez' |
| **Subject:** | RE: Follow-up LWC and Truck case |

There is nothing improper about requesting a status conference to the court when the lawyer does not communicate. I am within my right and was justified by my actions to request a status conference. FYI the law clerk for the Judge told me I could make the request. I will show the judge if needed. The judge wants to know the status. Get it filed for trial and that resolves that, so answer my question on the issue. How soon?

There is a reason to communicate perjury to the court right now. My concerns are that you did not act on informing the court on this issue months ago when I first mentioned it. Only when I filed the ex parte motion to the Federal court about the perjury did you declare that you would address it. We talked about it several times prior and you brushed it off. It was obvious that you had no intention of bringing up perjury charges as Judge Wilder-Doomes described in her response. You never mentioned it to me and, instead, you encouraged me to take a reduced settlement. You presented me with an offer of judgment from the defense and encouraged me to settle on an amount that was not even close to my damages. You made phone calls to those who treated me and who would be my expert witnesses in court to inform me of what they charge to be expert witnesses if I go to court. You made sure that I was informed of what I would owe if it went to trial and I didn't accept the offer of judgment. However, you did not communicate the defendant's perjury to the court.

The offer of judgment is an aggressive action by the defense to intimidate me into taking a settlement due to the consequences if I don't.

Where is our aggressive action on the matter? Where is our perjury communication to the court? It should have been done already.

You did not argue for me in the settlement conference. They made an offer of $25,000 and you never told the Judge that the offer was too low and was not even close to the amount for damages presented to them. The court required you to submit documentation describing the damages. You did not even give me a copy of the required documentation that you submitted to Judge Wilder-Doomes. I had nothing to refer to during the settlement conference. After I reported the action to the court, you asked me to make a counteroffer; however, you didn't try to communicate the perjury act to the court to hold them accountable. In your withdrawal letter, you stated we do not agree on the issues and direction of this case and, therefore, you wanted to withdraw. We still have differences with this case; however, you do not appear to want to withdraw as you threatened in the letter you sent to me last month. Around the same time, you were not answering my emails or returning my calls.

Along with other things that could be mentioned, yes, I would say these are serious concerns and I am sure others would have concerns with these events also.

To answer your statement as far as working on the LWC case, you should be handling the perjury issue just as if you were handling a different case for another client that requires attention. You would not disregard another client's case to address only my LWC case.

Now, if you want to resolve my concerns and fulfill the expectations of the client and obligations as my attorney, have this perjury information communicated immediately to the court.

You have heard the concerns. The perjury charge needs to be communicated to the court within the month. If this will not be done, then I have the right to communicate these concerns to the proper authorities and I will exercise that right.

Cooper

1

**From:** Jessica Vasquez [mailto:jvasquez@vasquezlawoffice.com]
**Sent:** Wednesday, February 03, 2021 7:08 PM
**To:** Shawn Cooper <coopa1971@att.net>
**Subject:** Re: Follow-up LWC and Truck case

I'm letting you know I'm not filing it this month. There is no reason to do so and you've presented no "concerns" other than your request. It is not in your best interest to push that case right now as you have indicated you want to go to trial.

Further, there is a significant amount of research and work to be done on LWC and my focus should be on that since you've caused (by your improper ex parte communication) a status conference which will inevitably requires prep on my end. The Judge is going to want to know why it is still pending on the docket and what is left to do. That is what I'm working on.

Jessica Vasquez

On Wed, Feb 3, 2021, 6:56 PM Shawn Cooper <coopa1971@att.net> wrote:

Jessica, I will stress again for you to present this  PERJURY INFORMATION to the court immediately. There are major concerns with this being delayed. It would be in my best interest to move this forward to have the court take immediate action on this matter, but it appears you don't want that.

These are two cases like the many other cases you have with other clients. I am sure you address them all with balance and detail, giving each one the proper attention.

If you are refusing to prepare the information and have this information communicated to the court within the month then let me know.

Cooper

**From:** Jessica Vasquez [mailto:jvasquez@vasquezlawoffice.com]
**Sent:** Wednesday, February 03, 2021 5:47 PM
**To:** Shawn Cooper <coopa1971@att.net>
**Subject:** Re: Follow-up LWC and Truck case

Your trial for the truck case is set for the end of the year. It is on my to do list but not an immediate priority as I am currently focusing on LWC research. You declined the offer of judgment so there is no reason to push this motion on your truck case at this time.

I will be sending you more questions when I complete my research. Considering we have a status conference in LWC next month I consider this case to be the priority. Please send whatever medical records you have before the status conference date.

Jessica Vasquez

On Wed, Feb 3, 2021, 9:30 AM Shawn Cooper <coopa1971@att.net> wrote:

Jessica, we are only waiting on the medical record of the shingles diagnosis. I will be double-checking notes to make sure everything requested is covered. What else will be needed and how soon after the medical records are obtained can the motion for trial be made?

Can you explain why this perjury issue (adverse inference) would not be done right now? Judge Wilder-Doomes did not put a timeline on this; however, I am receiving an "offer of judgment " right now from the defendant. I would like to move on this sooner rather than later.

**There is no urgent deadline but this is on my to-do list.**

Jessica, I would appreciate it if you would get this particular matter going and submit it to the court. There is no need to put this off any longer.

Cooper

3

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

SHAWN COOPER                                          CIVIL ACTION NO.

VERSUS                                                    19-528-JWD-EWD

TREVOR WILSON, ET AL.

### VIDEO SETTLEMENT CONFERENCE ORDER

A settlement conference has been set for **November 16, 2021 at 1:30 p.m.** by video conference considering the ongoing COVID-19 pandemic and the general orders of this Court.

### A. LOGISTICAL REQUIREMENTS

The settlement conference will be limited to **two (2) hours**. All parties must have access to a microphone, camera and internet connection to participate in the conference, although a participant can log into the system from a smartphone after downloading the app. Participant instructions are attached.

The settlement conference will begin with a brief statement by Judge Wilder-Doomes.[1] Thereafter, the parties will be separated into breakout rooms, and Judge Wilder-Doomes will facilitate the negotiations between the parties.

The following is provided to ensure that the necessary parties are available for the conference, to assist the Court in an objective appraisal and evaluation of the lawsuit, and to facilitate settlement of this matter in the most efficient manner.

---

[1] Judge Wilder-Doomes does not generally permit opening statements by the parties during the joint session.

B.    **PERSONS ATTENDING THE CONFERENCE**

In addition to counsel who will try the case,[2] a person with full settlement authority must be present for each party during the conference.  This requirement contemplates the presence of your client or, if a corporate entity, an authorized representative of your client, who has **full and final** settlement authority.  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  Any other persons deemed necessary to negotiate a settlement may also attend.   Since the settlement conference will be conducted by video, there should not be any reason this requirement cannot be fulfilled, however, **any person seeking relief from this requirement must fax a letter to Judge Wilder-Doomes at least two (2) days prior to the settlement conference after conferring with counsel for all other parties to determine whether there is any objection**.  Any request for relief must state the reasons relief is requested.  Relief will be granted only for extraordinary circumstances. Counsel of record will be responsible for timely advising any involved non-party (*i.e.*, insurance company), of the requirements of this Order.

C.    **CONFIDENTIAL STATEMENTS**

The parties shall submit confidential settlement position papers by **noon 7 days prior to the conference**[3] to the judge's chambers via facsimile transmission to (225) 389-3585.  The statement shall not exceed five pages and **must contain the following**:

    (a)    <u>Persons Participating</u>: The name and title, if applicable, of the client or authorized representative who will be attending the conference with trial counsel.

    (b)    <u>Statement of your Case</u>: The position paper should set forth a brief statement of your claim or defense.  It should also contain a statement of the liability issues present,

---

[2] This requires the attorney who is designated as the lead attorney, pursuant to Local Civil Rule 11(b) to attend the conference unless permission is obtained from the Court for other counsel to attend.

[3] If the settlement conference is scheduled less than 7 days from the date of this Order, the position papers must be submitted as soon as possible.  If Judge Wilder-Doomes does not receive position papers timely, the settlement conference may be canceled.

including a description of the strongest and weakest points of your case, both legal and factual.

(c)  Quantum:  A brief statement of your position on quantum, including any injuries sustained.  When applicable, describe any surgeries, current medical status, and any other relevant legal or factual issues.

(d)  Summary of settlement negotiations to date.  A listing of demands and counteroffers.

A concluding section should contain suggestions for a satisfactory resolution of the claim. Please do not be bound by monetary solutions, but rather consider all possible alternatives to reaching a satisfactory resolution.  Also, please keep in mind that these submissions are confidential, will not be exchanged, are not binding, and that posturing is inappropriate and only serves to handicap the process. Judge Wilder-Doomes serves as a neutral facilitator in this process.  Overstating the strength of your arguments serves no purpose.

D.   **ATTACHMENTS**

Copies of the following documents may be attached to the confidential settlement position paper if they exist and counsel believe they are relevant:

(a)  Major relevant medical reports concerning plaintiff's medical condition (if applicable);

(b)  Economic loss reports;

(c)  Non-medical expert reports; or

(d)  Any other documents which counsel believe may be of benefit to the Court in evaluating the case.

E.   **EXCHANGE OF SETTLEMENT OFFERS**

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. ***Before* the settlement conference the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court.  A specific settlement offer, in writing, must be submitted**

3

by the plaintiff to the defendant at least 21 days prior to the settlement conference, with a brief explanation of the basis for the demand.    If unacceptable to the defendant, a specific counteroffer, in writing, must be submitted by the defendant to the plaintiff at least 14 days prior to the settlement conference, with a brief explanation of the basis for the counteroffer.[4] The parties shall include a list of the demands and counteroffers in their position papers.  If the case settles prior to the conference, the parties shall immediately notify Judge Wilder-Doomes' chambers.

F.    **CONFIDENTIALITY**

The contents of the statements and all communications made in connection with the settlement conference are confidential and will not be disclosed to non-parties without the express permission of the communicating party or order of a court of competent jurisdiction.[5]  The statements and any other documents submitted for the settlement conference will be maintained in chambers and will be destroyed after the conference.

**Failure to timely comply with all requirements of this Order may result in cancellation of the settlement conference and/or sanctions at the Court's discretion.**

Signed in Baton Rouge, Louisiana, on September 30, 2021.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] If the settlement conference is scheduled to occur in less than 21 days, the parties shall still exchange a demand and response prior to the conference.
[5] As Judge Wilder-Doomes will explain in the opening session, communications during the conference are not confidential as between the parties unless a party specifically requests confidentiality regarding the communication.

**Shawn Cooper**

EXHIBIT 5b

| | |
|---|---|
| **From:** | Jessica Vasquez <jvasquez@vasquezlawoffice.com> |
| **Sent:** | Tuesday, October 19, 2021 12:19 PM |
| **To:** | Shawn Cooper |
| **Subject:** | Cooper v. Wilson |

Shawn-

I am still in the process of catching up with all the cases since the storm but wanted to let you know that there is a settlement conference set for the Truck case on 11/16 at 1:30 pm via Zoom before Magistrate Wilder-Doomes.

Please mark your calendar.


--
Jessica M. Vásquez
VASQUEZ LAW OFFICE
400 Poydras Street
Ste. 900
New Orleans, LA 70130
t: 504/ 571.9582
f: 504/ 684.1449
jvasquez@vasquezlawoffice.com

1

**Shawn Cooper**

| | |
|---|---|
| **From:** | Jessica Vasquez <jvasquez@vasquezlawoffice.com> |
| **Sent:** | Monday, November 15, 2021 10:01 AM |
| **To:** | Shawn Cooper |
| **Subject:** | Fwd: Activity in Case 3:19-cv-00528-JWD-EWD Cooper v. Wilson et al Notice to Counsel |

I just received notice that the scheduling conference is canceled. See email below

---------- Forwarded message ---------
From: <enoticing@lamd.uscourts.gov>
Date: Mon, Nov 15, 2021, 9:59 AM
Subject: Activity in Case 3:19-cv-00528-JWD-EWD Cooper v. Wilson et al Notice to Counsel
To: <Courtmail@lamd.uscourts.gov>


This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Middle District of Louisiana

### Notice of Electronic Filing

The following transaction was entered on 11/15/2021 at 9:58 AM CST and filed on 11/15/2021
**Case Name:**       Cooper v. Wilson et al
**Case Number:**     3:19-cv-00528-JWD-EWD
**Filer:**
**Document Number:** 30(No document attached)

**Docket Text:**
**Notice to Counsel: Due to an unforeseen scheduling conflict, the Settlement Conference set for 11/16/2021 is CANCELED. The parties shall contact chambers at 225-389-3584 to reschedule. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR)**


**3:19-cv-00528-JWD-EWD Notice has been electronically mailed to:**

Jessica M. Vasquez &nbsp &nbsp jvasquez@vasquezlawoffice.com

Ross Michael Molina &nbsp &nbsp ross.molina@wilsonelser.com, jill.ritzmann@wilsonelser.com, michelle.smith@wilsonelser.com

3:19-cv-00528-JWD-EWD Notice has been delivered by other means to:

**Shawn Cooper**

EXHIBIT 6

| | |
|---|---|
| **From:** | Jessica Vasquez <jvasquez@vasquezlawoffice.com> |
| **Sent:** | Friday, September 17, 2021 11:00 AM |
| **To:** | Shawn Cooper |
| **Subject:** | Cooper v. Wilson |

Because of Hurricane Ida, the 3-day jury trial has been reset to begin at 9:00 a.m. on June 13, 2022 in Courtroom 1.

The pretrial conference set for October 7, 2021 is continued and reset for 1:00 p.m. on May 10, 2022 by zoom.

The pretrial order has to be filed 30 days prior to the pretrial conference.

All deadlines associated with the December 2, 2021 trial date are suspended.

Within 14 days of today, counsel shall submit a motion to amend the scheduling order that includes new proposed discovery deadlines in accordance with the June 13, 2022 trial date.

Please mark your calendar.

--
Jessica M. Vásquez
VASQUEZ LAW OFFICE
400 Poydras Street
Ste. 900
New Orleans, LA 70130
t: 504/ 571.9582
f: 504/ 684.1449
jvasquez@vasquezlawoffice.com

1

COPY
ORIGINAL FILED

MAR 10 2022

Deputy Clerk, U.S. District Court
Middle District of Louisiana
Baton Rouge, La.

**EXHIBIT 7a**

COPY
ORIGINAL FILED

Deputy Clerk, U.S. District Court
Middle District of Louisiana
Baton Rouge, La.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**SHAWN COOPER**                                        **CIVIL ACTION**

**VERSUS**

**TREVOR WILSON, ET AL.**                          **NO. 19-528-JWD-EWD**

---

### PLAINTIFF'S MOTION OF REQUEST FOR COURT RECORD

---

NOW INTO COURT comes Plaintiff, Shawn Cooper, who requests copies of the dictated notes from a phone call or electronic filing, notice or letter or order from the office of Judge John W. deGravelles or from the office of Magistrate Judge Erin Wilder-Doomes, or the court, on or about September 21, 2021, of Judge John W. deGravelles requiring the parties to have a second settlement conference.

Whereas the Plaintiff has no record from the court of Judge deGravelles' order requiring the parties to have a second settlement conference, nor does the Plaintiff have such a record from the office of Magistrate Judge Erin Wilder-Doomes requiring a second settlement conference, a second settlement conference was scheduled for November 16, 2021 at 1:30 p.m. and was later rescheduled to December 22, 2021 at 1:30 p.m.  Plaintiff is trying to confirm and understand his current records.

Respectfully submitted,

**SHAWN COOPER**
2448 Morningbrook Drive
Baton Rouge, LA 70816
Telephone: (504) 495-7391
Email: coopa1971@att.net
*Shawn Cooper, Representing Himself*

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2022 the foregoing Notice will be sent to all known

counsel of record via Email as follows:


Ross.Molina@wilsonelser.com
Ross M. Molina
Wilson Elser Moskowitz Edelman & Dicker LLP
650 Poydras Street, Suite 2200
New Orleans, LA 70130


Donald.Cassels@wilsonelser.com
Donald G. Cassels, III
Wilson Elser Moskowitz Edelman & Dicker LLP
650 Poydras Street, Suite 2200
New Orleans, LA 70130


**SHAWN COOPER**
2448 Morningbrook Drive
Baton Rouge, LA 70816
Telephone: (504) 495-7391
Email: coopa1971@att.net
*Shawn Cooper, Representing Himself*

EXHIBIT 7b

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**SHAWN COOPER**                                    **CIVIL ACTION NO.**

**VERSUS**                                          **19-528-JWD-EWD**

**TREVOR WILSON, ET AL.**

### ORDER

Before the Court is the Motion of Request for Court Record (the "Motion"),[1] filed by

Plaintiff Shawn Cooper ("Cooper"), who is representing himself.  Plaintiff seeks a copy of the

order allegedly "requiring the parties to have a second settlement conference," dated "on or about

September 21, 2021."[2]

To the extent the Motion seeks a copy of the minutes from the September 15, 2021 status

conference conducted via Zoom by the district judge with the parties,[3] the Motion shall be granted

and a copy of the minutes shall be provided to Plaintiff, as a courtesy and in light of his *pro se*

status.  Further requests for copies of court orders, pleadings, and/or motions shall be made directly

to the Clerk of Court and will require payment of the applicable fees.[4]

Accordingly,

**IT IS ORDERED** that the Motion of Request for Court Record[5] filed by Plaintiff Shawn

Cooper is **GRANTED**, to the extent it seeks a copy of the minutes from the Zoom conference

conducted on September 15, 2021 by the district judge with the parties.[6]

---

[1] R. Doc. 53.

[2] R. Doc. 28.

[3] R. Doc. 28.  The settlement conference set for November 16, 2021 was ultimately reset to December 22, 2021 due to an unforeseen scheduling conflict as shown by the Court's text entry order. R. Docs. 29-31.

[4] *See* the Court's fee schedule, including a fee of 50 cents per page for copies and $11.00 per document for certifications, at https://www.lamd.uscourts.gov/fee-schedule. The bottom of the page explains acceptable forms of payment. Plaintiff can also sign up for a free PACER account to access the Court's docket. https://pacer.uscourts.gov/.

[5] R. Doc. 53.

[6] R. Doc. 28.

Certified Mail Receipt 7018 0360 0001 1615 6827

**IT IS FURTHER ORDERED** that further requests for copies of court orders, pleadings, and/or motions shall be made directly to the Clerk of Court and will require payment of the applicable fees.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a copy of this Order to Plaintiff Shawn Cooper via certified mail, return receipt requested, at his address stated in the Motion, *i.e.*, 2448 Morningbrook Drive, Baton Rouge, LA 70816.

Signed in Baton Rouge, Louisiana, on March 15, 2022.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

2