UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHAWN COOPER                                              CIVIL ACTION NO.

VERSUS                                                    19-528-JWD-EWD

TREVOR WILSON, ET AL.

## ORDER

Before the Court is the Motion for Sanction ("Motion"),[1] filed by Plaintiff Shawn Cooper, ("Cooper"), who is now representing himself. In the Motion, Cooper complains of several actions/inactions by his former attorney, Jessica Vasquez ("Vasquez"),[2] during the course of her representation of Cooper in these proceedings, to-wit: she made false statements, to the effect that the Court required the parties to participate in a second settlement conference; she failed to inform Cooper of the September 21, 2022 status conference,[3] the Consent Motion to Continue Trial filed by Defendants,[4] and the agreement of the parties to participate in the second settlement conference; she violated a number of Rules of Professional Conduct, including failure to communicate with the client and engaging in misconduct; and she revealed confidential information to Defendants, *i.e.*, Cooper's "bottom line" number for settlement.[5] As a result of these grievances, Plaintiff requests that the Court "institute sanctions or any actions against Attorney Vasquez that the Court deems appropriate to address these actions of gross misconduct."[6]

By Local Civil Rule 83(b)(6), this Court has adopted the Louisiana Rules of Professional Conduct of the Louisiana State Bar Association (the "Rules"), which are provisions that govern

---

[1] R. Doc. 56.
[2] Vasquez was permitted to withdraw after the Court held a video hearing with Vasquez and Cooper. R. Doc. 34.
[3] R. Doc. 28.
[4] R. Doc. 26.
[5] R. Doc. 56.
[6] R. Doc. 56, pp. 5-6.

certified mail receipt # 7020 0640 0001 4750 5074

attorney conduct. "It is beyond dispute that 'a federal court has the power to control admission to its bar and to discipline attorneys who appear before it.'"[7] While this power is "incidental to all Courts," it is nevertheless "one which ought to be exercised with great caution."[8] When appropriate, this Court has considered the imposition of sanctions against attorneys who, in its view, have violated their Rule-based obligations to the Court.[9] However, the structure of the Local Rules contemplates that attorney discipline can be initiated by a judge of this Court, but does not appear to contemplate a procedure whereby a litigant or, as in this case, a formerly represented party, initiates the proceeding in this Court.[10] The sanctions sought in the instant Motion are of the latter nature. The undersigned has not witnessed any conduct by Vasquez potentially violative of her obligations to the Court under the Rules. Rather, Cooper has raised complaints against Vasquez arising out of his attorney-client relationship with her.[11] This type of complaint, which is asserted against a non-party, and which is unrelated to the factual circumstances of this proceeding (involving a motor vehicle accident), is more properly brought to the Louisiana Attorney Disciplinary Board. That is the body authorized to evaluate attorney complaints raised by litigants against attorneys licensed in the State of Louisiana and to take actions in response to such complaints, as appropriate.[12]

---

[7] *In re Marshall,* No. 3:15-MC-88-JWD, 2016 WL 81484, at *6 (M.D. La. Jan. 7, 2016), citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) and *United States v. Nolen*, 472 F.3d 362, 371 (5th Cir. 2006) ("Courts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do.").

[8] *Marshall,* 2016 WL 81484, at *6, citing *Ex parte Burr*, 22 U.S. 529, 531 (1824).

[9] *See, e.g., Marshall,* 2016 WL 81484.

[10] *See* Local Civil Rule 83(b)(12) which provides the procedure for a judge to initiate disciplinary proceedings against an attorney.

[11] Cooper is cautioned that communications between clients and their legal counsel that are otherwise protected by attorney-client privilege may become subject to disclosure when the client waives the privilege and discloses the communications.

[12] *See, e.g., Nortrick v. Harried,* No. 5:15-CV-2790, 2016 WL 3128726, at *2 (W.D. La. Jan. 11, 2016), *report and recommendation adopted sub nom. Van Nortrick v. Harried,* No. 5:15-CV-2790, 2016 WL 3129270 (W.D. La. June 1, 2016) (dismissing claim against court-appointed counsel based on allegation she violated attorney-client privilege, the court held: "Plaintiff is a member of the Louisiana Bar, subject to the disciplinary rules established by the Supreme Court. Under Louisiana law, complaints against attorneys must be filed with the Louisiana Attorney Disciplinary Board, the agency established by the Louisiana Supreme Court '... to administer the lawyer discipline and disability system.' See Supreme Court Rule XIX, § 2(A); see also § 11 which authorizes disciplinary counsel to screen and investigate complaints of attorney misconduct. Ultimately, the decision to disbar, suspend, admonish, or otherwise

Accordingly,

**IT IS ORDERED** that Motion for Sanction ("Motion"),[13] filed by Plaintiff Shawn Cooper, is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a copy of this Order to Plaintiff Shawn Cooper via certified mail, return receipt requested, at his address stated in the Motion, *i.e.*, 2448 Morningbrook Drive, Baton Rouge, LA 70816.

Signed in Baton Rouge, Louisiana, on May 24, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

sanction a member of the Louisiana Bar is committed to the authority of the Louisiana Supreme Court. See Rule XIX, § 10.").
[13] R. Doc. 56.